## SUPREME JUDICIAL COURT

#### FOR THE COUNTY OF

### HANCOCK.

#### OCTOBER TERM,

#### 1822.

### ULMER & ALS, *v.* CUNNINGHAM.

If the goods of one of several joint debtors be taken in execution and wasted, the remedy should be sought by the owner of the goods alone, and not by all the debtors jointly.

So if the officer extorsively demand and receive of one of the debtors illegal fees.

THIS was an action for money had and received. It appeared at the trial that the plaintiff *Ulmer* was late Sheriff of this county, and the other plaintiffs his bondsmen, against all of whom, *jointly*, the defendant, being a deputy sheriff, in the year 1813, had eighteen several writs of execution in favour of *John T. Apthorp* late treasurer of the Commonwealth of *Massachusetts*, issued for the benefit of divers creditors of said *Ulmer*, upon a judgment rendered upon his bond of office as Sheriff;—by virtue of which executions he seized a large quantity of lumber and other personal property belonging to *some*, but not to *all* the plaintiffs, in severalty, but it was admitted that no part of the goods seized belonged to all the plaintiffs jointly.

The plaintiffs offered to prove that the writs of execution were never returned to the clerk's office from whence they issued,—that the defendant had never made any return nor exhibited any account of sales of said property,—that he had demanded and received of one of the plaintiffs fifty dollars in money in payment of said executions, over and above the money arising from the sales of the property,—that the de-

fendant had charged the plaintiffs upwards of ninety dollars for fees on the executions, and retained the same to his own use out of the money arising from the sales, though a large portion of the fees thus received was illegally and extorsively demanded.

But the Judge who presided at the trial rejected the evidence thus offered and directed a nonsuit, subject to the opinion of the whole Court, whether the action could be maintained.

*Greenleaf* and *J. Williamson,* for the plaintiffs, argued—1. That all the original debtors were rightly joined in the suit;—because they were jointly interested in the executions against them,—and because a recovery here would be a bar to any action by one alone. *Scammon v. Proprietors of Saco meeting house,* 1 *Greenl.* 262.—2. That a seizure on execution is no defence for the officer, unless he shews the execution *returned. Cotes v. Mitchell,* 3 *Lev.* 20. cited in 1 *Esp. Dig.* 103. And as the plaintiffs, when they shewed the taking, *necessarily* shewed it to be by color of process, they ought to have been permitted to shew the whole *gravamen.*—3. That the defendant took illegal fees, for which this action well lies. *Moses v. Macferlan,* 2 *Burr.* 1012.

*Wilson* and *White,* for the defendant, insisted that the remedy was wholly misconceived, several plaintiffs being joined who had no interest whatever either in the property taken, or the money paid. If there was any implied undertaking on the part of the defendant, it was with those only whose property he had taken, but not with those who have no right to retain the money they might recover in this action.

The cause having been continued for advisement, the opinion of the Court was now delivered, by

MELLEN C. J. This being an action of *assumpsit* in which the plaintiffs declare on a promise made to them *jointly,* such promise must either be proved to have been made expressly, or else implied by law;—and the defendant may avail himself of the want of such proof, upon the general issue. *Chitty* 54. In the present case there is no proof of an express promise; and by the report it appears that the property, for the proceeds of

Ulmer v. Cunningham.

which the action was brought, " belonged to *some* of the plain-
" tiffs, but not *to all*, in severalty : and that *no part* of the goods
" seized belonged to *all* the plaintiffs *jointly*." If the goods seiz-
ed had not been sold, the plaintiffs could not have joined in an
action of replevin for them. *Co. Litt.* 145. *b.*—The nature
of the promise which the law implies corresponds with the na-
ture and ownership of the property which the defendant has
taken, sold and turned into cash. That being the *several* and
not the *joint* property of the plaintiffs, if any promise is implied on
the part of the defendant to the plaintiffs in the present case,
it is not a *joint* one ; and of course does not support the declar-
ation ; and if any unlawful fees were taken by the defendant, it
appears that such fees were deducted from the money arising
from the sales of the property : and *that* not belonging *jointly* to
the plaintiffs, the *amount of sales* did not ; nor, of course, the
unlawful fees so retained. The objection, therefore, lies to the
whole sum demanded. In the case of *Weller & al. v. Baker*, 2
*Wils.* 423, the Court considered the interest of the *Tunbridge
Dippers* as a *joint* one, and the injury which they had sustained
by the act of the defendant as a *joint* injury. So in *Conyton & al.
v. Lithebye*, 2 *Saund.* 115, though the plaintiffs' interest in the
mills was *several*, the damage they had suffered was *joint*. Both
actions were maintained. In *Osborn & al. v. Harper*, 5 *East.*
225, the sum sued for had been paid by the plaintiffs from a
joint fund procured on their joint credit. On this ground, after
some doubt, the action was sustained. In the case from *Roll.
Abr.* 31, *pl.* 9. and cited in 2 *Saund.* 116, *b.* there was an express
promise made to the plaintiffs jointly, founded on a joint con-
sideration. On this ground the plaintiffs were permitted to
recover. But all the before mentioned cases were different
from the present, and founded and decided on different prin-
ciples.

As we are all satisfied, for the reasons we have assigned, that
the nonsuit was properly ordered, it becomes unnecessary for
us to examine the *other branch* of the defence. Accordingly the
motion to set aside the nonsuit is overruled and there must be
judgment entered for the defendant for his costs.